MEMORANDUM **
In these consolidated petitions for review, Miriam Susana Gittelman Cativa pe *697 titions for review of the Board of Immigration Appeals’ (“BIA”) order denying her motion to dismiss and sustaining the government’s appeal from an immigration judge’s (“IJ”) decision granting her application for cancellation of removal, and its order granting her motion for reconsideration and vacating the decision of the IJ. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo questions of law. Brezilien v. Holder, 565 F.3d 1163, 1171, 2009 WL 1297951 (9th Cir.), amended by Brezilien v. Holder, 569 F.3d 403 (9th Cir.2009).
The BIA engaged in a de novo review of the IJ’s findings of fact and improperly relied on its own factual findings in concluding that Gittelman Cativa had not established factual eligibility for cancellation of removal. See Brezilien, 565 F.3d at 1171; 8 C.F.R. § 1003.1(d)(3)(i); (iv) (the BIA may not engage in de novo review of findings of fact determined by an IJ and must remand to the IJ if additional fact-finding is necessary). The BIA repeated these errors in considering Gittelman Cati-va’s motion to reconsider.
We therefore remand for the BIA to decide the case as a matter of law on the básis of the IJ’s factual findings, or, in the alternative, to remand to the IJ with instructions to conduct additional factfind-ing. We also remand for the BIA to address, if necessary, Gittelman Cativa’s contention that the BIA lacks the statutory or regulatory authority to grant an alien’s application for voluntary departure in the first instance.
Because we remand this mater to the BIA, we do not address Gittelman Cativa’s remaining contentions.
The government shall bear the costs for these petitions for review.
PETITIONS FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provid *697 ed by 9th Cir. R. 36-3.